IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BOYD, | )<br>) |
| Petitioner, | )<br>) |
| vs. | ) Case No. CV-00-N-215-E<br>) |
| WARDEN R. WILEY, FCI-Talladega, | )<br>) |
| Respondent. | ) |

ENTERED
JUN 29 2001

## MEMORANDUM OPINION

This cause is before the court on a petition pursuant to 28 U.S.C. § 2241, filed by the petitioner on January 26, 2000, challenging his guilty-plea convictions for possession with intent to distribute crack cocaine and "carrying" a firearm in relation to the drug offense, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 924(c). Although petitioner was convicted of these offenses in the United States District Court for the Western District of Tennessee, he has filed the instant § 2241 petition in this court because he is incarcerated at FCI-Talladega in this district and because he contends that a § 2255 remedy in the Western District of Tennessee is "inadequate or ineffective to test the legality of his detention." The court concludes that no remedy is available to him under § 2241.

### Background

Petitioner admits that he pled guilty to both possession with intent to distribute crack cocaine and "carrying" a firearm in relation to the drug offense on January 18, 1996, before



the United States District Court for the Western District of Tennessee, and was sentenced on July 15, 1996, to 60-months' imprisonment on each count to run consecutively for a total of 120 months. Although he now alleges that he asked his lawyer to appeal, none was filed. In April of 1997, petitioner filed a motion to vacate or set aside his convictions and sentences, pursuant to 28 U.S.C. § 2255, in the Western District of Tennessee, raising as grounds for relief that the court erroneously accepted his guilty pleas without establishing a factual basis for them, that there was insufficient evidence to prove his guilt with respect to the § 924(c) charge, and that he received ineffective assistance of counsel at various stages of the proceedings. That petition was denied and dismissed on March 6, 1998, and it is unclear whether it was appealed. There is no indication that he has attempted to file a second § 2255 petition in Western Tennessee.

In the instant petition, petitioner contends that he is entitled to seek relief pursuant to 28 U.S.C. § 2241 under the savings clause in § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Petitioner contends that, because he cannot file a second or successive motion under § 2255, it "is inadequate or ineffective to test the legality of his detention," and he, thus, may proceed by way of § 2241. For substantive relief, the habeas petition alleges that his guilty-plea

2

convictions are unconstitutional because he received ineffective assistance of counsel and because the evidence was insufficient to sustain either his § 841(a) or § 924(c) convictions.

## Unavailability of § 2241 Relief

The question presented is whether the savings clause in § 2255 allows petitioner to seek § 2241 relief after he has unsuccessfully sought § 2255 relief. The court believes he may not do so under the circumstances of this case. In Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), the United States Court of Appeals for the Eleventh Circuit discussed the relationship between the savings clause of § 2255 and the availability of relief under § 2241. After analyzing the legislative history of § 2255 and the treatment given the savings clause by other circuits, the Eleventh Circuit held:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The court explained that the savings clause could not be used simply to avoid the § 2255 restrictions on the filing of second or successive motions, but was limited to those rare instances when a retroactively applicable Supreme Court case overrules circuit precedent to make clear that the petitioner's conduct could not legally constitute a crime.

3

Plainly, the present petitioner's case does not meet the <u>Wofford</u> standard. He points to no Supreme Court precedent decided since his conviction which has been applied retroactively to make clear that he was convicted of a nonexistent offense. Indeed, nothing has undermined the validity of his convictions for possession with intent to distribute and "carrying" a firearm in relation to the drug offense. Although petitioner argues that he is "actually innocent" of the offenses as defined in <u>Bousley v. United States</u>, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), he pled guilty to both offenses and he has not, and cannot, challenge the knowing and voluntary character of his pleas. Such pleas established both the factual and legal basis for his convictions, admitting legal and actual guilt. Thus, because <u>Wofford</u> affords no opportunity for the petitioner to avoid the restrictions of § 2255 by seeking relief under § 2241, this petition is due to be dismissed.[1] The court will enter a separate order dismissing the petition.

DONE this the 28th day of June, 2001.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[1] The court considered whether the petition should be treated as a § 2255 motion and transferred to the sentencing district, rather than dismissing it. Because it would be a second or successive motion, however, for which petitioner has not obtained the approval of the court of appeals for filing and because it appears the one-year limitation has expired, dismissal does not prejudice any rights petitioner may have.